Mr. Charles L. Robinson Legislative Auditor State Capitol, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion concerning the various functions and duties of the Pulaski County Treasurer, County Clerk, and County Comptroller. Specifically, you note that Pulaski County has a county comptroller, and that several questions have arisen concerning the legal responsibility for performing certain statutory functions where a county has established a county comptroller. Your specific questions are as follows:
 1. Does the County Treasurer, the County Clerk, or the County Comptroller have the duty to perform the following functions:
 A. Receive claims from vendors and maintain claims dockets.
 B. Issue county warrants, maintain a county warrant register, and file redeemed warrants.
 C. Issue a county check and maintain a check disbursement record.
 D. Perform the duties outlined at Ark. Code Ann. 16-20-402 and 16-20-403; and
 E. Maintain bank accounts and records of accounts outlined at Ark. Code Ann. 14-25-109.
 2. May any of the duties of the County Clerk or County Treasurer noted in answer to number 1 be transferred to the County Comptroller? If the answer is "yes", what duties may be transferred, and what is the proper procedure to accomplish such a transfer?
Your questions arise due to the uniqueness of the office of county comptroller. There is very little reference to this office in the new Arkansas Code Annotated. Act 646 of 1919 established the Office of County Comptroller for Pulaski County. This act was to establish the office for a period of eighteen years. There was no subsequent legislation extending the time period of the office, but both Act 164 of 1947 and Act 334 of 1949 appropriated funds for the office. Although it is a close question, the Attorney General's Office has previously concluded that the office of Pulaski County Comptroller has been "legislatively established". See Opinion No. 86-51, a copy of which is enclosed. The remainder of this opinion is therefore premised upon the principle that the office has indeed been legislatively established. Act 646 is not codified in the new code, but is listed in the Tables Volume as "spec.", meaning special or local legislation.
The only other reference to the office of comptroller is made in Act 139 of 1961, which provides that its provisions shall not apply in any county which has a county comptrollers office established pursuant to legislative act. See A.C.A. 14-23-201.
It is thus difficult to determine the exact contours of the duties and functions of the Pulaski County Comptroller's Office. The duties of this office are not set out by any provision of the Arkansas Code Annotated. We will, however, by reviewing the legislative history, including Act 646 of 1919, attempt to determine the answers to your specific questions.
With respect to Question 1A, (which office has the duty to receive claims from vendors and maintain claims dockets), it is my opinion that in Pulaski County, the responsibility for these functions falls upon the County Comptroller. Section 14-23-203 of the Arkansas Code Annotated places this responsibility upon the county clerk, but that subchapter, as previously noted, provides that its provisions shall not apply to any county which has established a county comptroller's office pursuant to legislative act. See also, Opinion No. 86-51 at page 6, para. 4. It is thus my opinion, assuming that the office has been "legislatively established", that the county comptroller has the responsibility to receive claims from vendors and maintain claims dockets. This conclusion is also borne out by the language of Act 646 of 1919, Section 4 wherein it is stated:
 It shall be the duty of the county comptroller to examine all claims against the county, certify to the correctness and validity thereof and present such claims for allowance under his certificate to the county court.
Question 1B, (which office has the duty to issue county warrants, maintain a county warrant register, and file redeemed warrants), is in my opinion clearly answered by the statutes. The responsibility for issuing warrants falls upon the county clerk. Section 14-24-101 of the Arkansas Code Annotated provides that:
 Whenever any allowance has been made by any county court, in accordance with 14-23-104 and 14-23-105, when requested by the person in whose favor allowance has been made, or any person authorized to receive it, the county clerk shall issue his warrant on the treasurer of his county for the amount of the allowance. [Emphasis added.]
The responsibility for keeping a county warrant register falls both upon the county clerk and the county treasurer. A.C.A. 14-24-104 provides that "[e]ach clerk of the county court shall keep a register of all warrants issued".
Similarly, A.C.A. 14-24-110(a) provides that "[t]he county treasurer shall keep a register similar to the one required by 14-24-104 to be kept by the county clerk. . .".
The responsibility for filing redeemed warrants is placed in a joint fashion upon the county treasurer and county judge, and the redeemed warrants are filed in the office of the county clerk. A.C.A. 14-24-111 provides that:
 The county treasurer shall, at his annual settlement with the county court, produce all the warrants redeemed by him during the preceding year, and the presiding judge shall write the word "Redeemed" across the face of each warrant, sign his name thereto, and cause all warrants thus redeemed to be filed in the office of the clerk of the county court.
It is my opinion that none of these functions may properly be performed, under current law, by the office of Pulaski County Comptroller. There is simply no authorization set out in the statutes for the comptroller to perform these functions, and this authority is not included in Act 646 of 1919.
Question 1C, (which office has the responsibility to issue a county check and maintain a check disbursement record) is also clearly answered by the statutes. It is my opinion that either the county clerk can prepare a county check and have the treasurer sign it as provided in A.C.A. 14-24-204 (a), or at the option of the county, the entire process of issuing county checks can be accomplished by the county treasurer. See A.C.A.14-24-104 (b).
It is also my opinion that the statutes clearly provide that regardless of the check disbursement method selected by the county, the county treasurer clearly has the responsibility to maintain a check disbursement record. See A.C.A. 14-24-205. Again, there is no statutory authorization for the performance of these duties by the county comptroller and they were not included in the original grant of authority set out in Act 646 of 1919.
The answer to your fourth question, Question 1D, (which office has the duty to perform the duties set out at A.C.A. 16-20-402 and 16-20-403) is, in my opinion, the county clerk. The first statutory section requires the county clerk, among other things, to keep a regular account between the treasurer and the county, to keep just accounts between the county and all persons, and to file and preserve all documents pertaining to the settlement of all accounts. The latter section requires the county clerk within forty-five days after each annual settlement to make out a full and complete financial report of the condition of the affairs of the county.
It is my opinion that these functions are not now under the authority of the county comptroller office and were not included in its original grant of power under Act 646 of 1919. That act, in section 4, provides that
 It shall be the duty of the county comptroller to examine all claims against the county, certify to the correctness and validity thereof and present such claims for allowance under his certificate to the county court; to keep a clear and correct record of the county's finances; to call for periodical statements from the various offices of the county; to check the expenditures of the various departments of county government; and to make an annual written report to the county court of all the work and business of his department during the last preceding year. He shall also compile a budget to be submitted under his certificate to the county court showing the financial needs of each department and agency of the county government for the next succeeding fiscal year. The county court shall then examine such budget and submit same to the levying court with such recommendations as he might deem necessary for public benefit.
It is my opinion that the general language of Act 646 above, does not supersede the more specific duties set out under A.C.A. 16-20-402 and 403, and to the extent the reporting requirements of 16-20-403 and Act 646 of 1919 may overlap, it should be noted that 16-20-403, which places the reporting requirements on the county clerk, was enacted subsequently to Act 646 of 1919.
The answer to Question 1E, (which office has the duty to maintain bank accounts and records of accounts outlined at A.C.A. 14-25-109) is again, in my opinion, the office of county clerk. The statute clearly designates the responsibility as the county clerks, and it is my opinion that no authority is given to the county comptroller over these functions. The performance of these functions was not within the original grant of authority set out in Act 646, and these functions are not under any current law allocated to the County Comptroller Office.
Your final question, Question 2, concerns whether any of the duties currently placed upon the county clerk or county treasurer may be transferred to the county comptroller, and if so, what duties may be transferred, and by what procedure.
It is my opinion that your question is governed by A.C.A. 14-14-702. That statute gives the county quorum court of each county the authority to prescribe, by ordinance, "the department, board structure, and organization of their respective county governments", and the authority to prescribe the functions of all offices, departments, and boards. The authority is complete, except that the quorum court may not 1) divest the county court of any of its original jurisdiction granted by the Arkansas Constitution, or 2) alter the organization of elected county officials established by the Constitution (except under the provisions of Amendment 55, 2, Part (b) thereof), or 3) limit any provision of state law requiring a county to carry out any function or provide any service. The statute also provides that "[h]owever, any function or duty assigned by statute may be reassigned by ordinance", and that nothing in the section shall be construed to prevent the reassignment of functions or services assigned by statute where Arkansas reassignment does not alter the obligation of the county to continue providing the function or service.
Thus, if the quorum court stays within the allowable parameters of A.C.A. 14-14-702, it may reassign, by ordinance, the functions of each of the offices of county treasurer, county clerk, and county comptroller. The conclusions reached in this opinion assume that no relevant ordinances have been enacted to date.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] The act may be "special" or "local" legislation in that it only applies to Pulaski County. It appears, however, that the act may not be impermissible special legislation prohibited by Amendment 14 to the Arkansas Constitution. That Amendment provides that the General Assembly shall not pass any local or special act. It was enacted by the people in 1926. Act 646 of 1919 was enacted prior to the adoption of this amendment, and is thus not prohibited "special legislation". See Arkansas Constitution Art. 5, 25.
[2] But see the discussion in response to Question 2, infra.